**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
CHRISTIAN DOUGLAS,       :
            :    Civil Action No.
         Plaintiff,    :
            :
    vs.          :
            :    **COMPLAINT AND DEMAND FOR**
RS-WERKS AUTOMOTIVE SHOP, LLC d/b/a :    **TRIAL BY JURY**
RS-WERKS, NICHOLAS DUNLOP, MICHAEL :
MELDRUM, ROBERT SCOTT McKEOWN, :
JOHN AND JANE DOES 1-10 (names being :
fictitious and unknown), and ABC CORPS. 1-10 :
(names being fictitious and unknown).   :
            :
         Defendants.  :
            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff Christian Douglas, by and through his counsel, Blick Law LLC, by way of Complaint against the above-named Defendants states

## THE PARTIES

1.     Plaintiff Christian Douglas (hereinafter "Plaintiff") is an individual residing in Jacksonville, Florida.

2.     Defendant RS-Werks Automotive Shop, LLC d/b/a RS-Werks (hereinafter "RS-Werks") is a Delaware limited liability company with its principal place of business at 103 W. 1st Avenue, Parkesburg, Pennsylvania 19365-1256.

3.     Upon information and belief, Defendant Nicholas Dunlop (hereinafter "Dunlop") is an employee and/or member of RS-Werks who resides at 241 Laurel Heights Road, Landenberg, Pennsylvania 19350-9390.

4.      Upon information and belief, Defendant Michael Meldrum (hereinafter "Meldrum") is an employee and/or member of RS-Werks who resides at 7518 Inwood Drive, Houston, Texas 77063-1802.

5.      Upon information and belief, Defendant Robert Scott McKeown (hereinafter "McKeown") is an employee and/or member of RS-Werks who resides at 620 Corner Ketch Road, Newark, Delaware 19711-290.

6.      Defendants John and Jane Does 1-10 (makes being fictitious and unknown) are fictitious individuals, the identities of whom are not yet known and who are liable to the Plaintiff.

7.      Defendants ABC Corps. 1-10 (names being fictitious and unknown) are fictitious corporate entities, the identities of which are not yet known.

8.      Defendants RS-Werks, Dunlop, Meldrum, McKeon, John and Jane Does 1-10 and ABC Corps. 1-10 shall hereinafter collectively be referred to as the Defendants.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction of the matters complained of pursuant to 28 U.S.C. § 1331 *et seq*.

10.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

11.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, actions, or omissions giving rise to the dispute occurred in this District.

12.    The Court has personal jurisdiction over RS-Werks because it maintains its principal place of business, transacts business, maintains substantial contacts, and/or committed the acts or omissions that are the bases of the claims set forth herein in Pennsylvania.

13.    The Court has personal jurisdiction over Dunlop because he is employed, regularly transacts business, maintains substantial contacts, and/or committed the acts or omissions that are the bases of the claims set forth herein in Pennsylvania.

14.    The Court has personal jurisdiction over McKeown because he is employed, regularly transacts business, maintains substantial contacts, and/or committed the acts or omissions that are the bases of the claims set forth herein in Pennsylvania.

15.    The Court has personal jurisdiction over Meldrum because he is employed, regularly transacts business, maintains substantial contacts, and/or committed the acts or omissions that are the bases of the claims set forth herein in Pennsylvania.

16.    The Court has personal jurisdiction over John and Jane Does 1-10, names being fictitious and whose identities are not yet known, because they reside in Pennsylvania, are employed, regularly transact business, maintain substantial contacts, and/or committed the acts or omissions that are the bases of the claims set forth herein in Pennsylvania.

17.    The Court has personal jurisdiction over ABC Corps. 1-10, names being fictitious and whose identities are not yet known, because they maintain their principal places of business, transact business, maintain substantial contacts, and/or committed the acts or omissions that are the bases of the claims set forth herein in Pennsylvania are fictitious corporate entities whose identities are not yet known.

## FACTS COMMON TO ALL COUNTS

18.    Plaintiff is a Porsche vehicle enthusiast.

19.    Plaintiff desired to restore his 1990 Porsche 964, VIN No. WP0AB2961LS450847 (hereinafter the "Vehicle").

20.    Plaintiff found RS-Werks through online research and reviews of social media representations of its completed projects and marketed workflow.

21.    Plaintiff engaged in several discussions with Defendants Meldrum and McKeown prior to engaging RS-Werks to ensure its ability to execute the requisite scope of work, commitment to delivery timeframe, and budget.

22.    Based upon those commitments, on or about May 23, 2019, Plaintiff commissioned RS-Werks to perform the restoration and entered into an agreement entitled "RS-Werks Build Sheet – 19th of May 2019" (hereinafter the "Agreement"). See the Agreement attached hereto as Exhibit A.

23.    The Agreement details the scope of restoration work to be performed by RS-Werks on the Vehicle.

24.    In addition to those details in the Agreement, Defendants Meldrum and McKeown made commitments and gave assurances as to their performance thereunder.

25.    Defendants held themselves out, marketed, represented and warranted to Plaintiff, both verbally and in their marketing efforts, that they understood the services requested and which were required by Plaintiff, that they had extensive experience with restoring automobiles such as the Vehicle, and they agreed to perform the requested restoration services on the Vehicle.

26.    Specifically, the Agreement includes a build sheet which details the scope of work to be performed on the Vehicle and the applicable pricing for each line item.

27.    Most notably, the Agreement build sheet also specifies an "estimated completion" date of "9-12 months".

28.    According to the build sheet, the project should have been completed by February 23, 2020 (on the early end of the estimate) or May 23, 2020 (on the late side of the estimate).

29.    Upon delivery of the Vehicle to RS-Werks to commence the work, Defendant Dunlop was introduced to Plaintiff as the Chief Operating Officer and assumed all project management duties and was the only/primary workflow communication point of contact and the individual requesting payment from Plaintiff on a monthly basis.

30.    The Agreement set forth a progress payment schedule as follows:

| | | |
|---|---|---|
| Due upon signing of the Agreement | - | $ 19,000.00 |
| Balance to paid monthly over the duration of the build ($14,000/month) | - | $168,000.00 |

31.    The total original contract value set forth in the Agreement was $187,000.00.

32.    Plaintiff paid the $19,000.00 due upon signing the Agreement by wire, and tendered the following monthly payments by wire as set forth below:

| | |
|---|---|
| $19,000.00 | - June 1, 2019 |
| $14,000.00 | - July 3, 2019 |
| $14,000.00 | - July 30, 2019 |
| $14,000.00 | - September 10, 2019 |
| $14,000.00 | - October 18, 2019 |
| $14,000.00 | - November 13, 2019 |
| $14,000.00 | - January 8, 2020 |
| $14,000.00 | - February 14, 2020 |
| $14,000.00 | - May 4, 2020 |
| $16,800.00 | - April 16, 2021 |
| $5,500.00 | - August 10, 2021 paint work change order |
| $5,600.00 | - July 28, 2022 |

33.    Plaintiff remitted to Defendants payments totaling approximately $158,900.00.

34.    At one point, it was agreed that a milestone progress payment schedule would be put in place because of Plaintiff's expression of dissatisfaction with the process.

35.    Defendants would represent that work was on the schedule to induce Plaintiff to remit payment, but the work would not get completed as represented.

36.    On numerous occasions Plaintiff requested of Defendants a project schedule.

37.    Defendants failed to comply.

38.    Defendants failed to perform the requisite scope of work within a reasonably expected timeline.

39.    Defendants failed to manage the project with the intent of completing it within a reasonably expected timeline.

40.    Defendants failed to provide a committed project schedule.

41.    Defendants failed to provide information and client requests necessary to complete the scope of work.

42.    Defendants failed to procure parts/supplies with funds received for completing the project within a reasonably expected timeline.

43.    Defendants requested and received funds with no intention of using those funds for project related scope of work.

44.    Even though Defendants would frequently blame their lack of work and delays on the unavailability of painters, supply chain issues, etc., Defendant Meldrum's vehicle arrived at RS-Werks for restoration at or about the same time as that of Plaintiff and that vehicle was substantially completed in approximately 14 months.

45.     Plaintiff, in an effort to mitigate damages, but after already paying $158,900.00, ceased to make further payment after the Defendants went unresponsive to his inquiries and Defendants failed to produce any evidence of progress in restoring the Vehicle.

46.     Notwithstanding Defendants' demand for approximately $103,000.00 in progress payments, it took 6 months before they started any substantive work on the Vehicle.

47.     Plaintiff informed and requested intervention from the majority owners of RS-Werks at various stages to remove Defendant Dunlop as he was failing to perform.

48.     To date the Defendants have failed to produce a completed vehicle, or proof of any material progress in furtherance of the work detailed in the Agreement.

49.     With $158,900.00 paid to the Defendants to date, the 9-12 month estimate for completion has ballooned to nearly 3 years and 3 months beyond the contemplated delivery date and the Vehicle has not been completed and there is no completion date in sight.

50.     Upon information and belief, the current state of the Vehicle is that it remains in largely disassembled condition with parts and components that were paid for by the Plaintiff, and which were never procured by the Defendants.

51.     The Vehicle has been damaged and will now be significantly more costly than what would have been had the Defendants performed in accordance with the Agreement.

52.     The Defendants' estimated completion date, the range of which was never legitimate, was clearly unattainable and never intended by the Defendants' to be adhered to.

53.     Rather, Defendants made representations designed to encourage the Plaintiff to enter into a relationship with them in order to induce Plaintiff to make substantial payments, all while failing to perform in any material way in exchange for those payments.

54.     Plaintiff has incurred and will incur damages associated with recovery and mobilization of the Vehicle, legal costs, restoration completion, repairs for any work done incorrectly, etc.

55.     As a direct and proximate result of the Defendants' actions and omissions aforesaid, Plaintiff has and will continue to suffer a substantial and significant ascertainable loss, with additional damages and losses, the extent of which have not yet been determined.

### FIRST COUNT
**(*Breach of Contract*)**

56.     Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

57.     Plaintiff and Defendants entered into the Agreement, which contained essential terms.

58.     The Agreement imposed upon Plaintiff and the Defendants a duty.

59.     Plaintiff fully performed in accordance with the terms of the Agreement.

60.     Notwithstanding Plaintiff's full performance, Defendants improperly and without legal justification, breached the terms and conditions of the Agreement.

61.     Implied in all contracts is a duty of good faith and fair dealing.

62.     Defendants owe to Plaintiff a duty of good faith and fair dealing by virtue of their Agreement.

63.     Defendants breached their duty of good faith and fair dealing by the acts and omissions aforesaid.

64.     As a direct and proximate result of Defendants' breach aforesaid, the Plaintiff has sustained, and will continue to sustain damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, restitution, loss of use damages, punitive

damages, compensatory damages, treble damages, statutory damages, rescission, restitution, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

## SECOND COUNT
### (*Unjust Enrichment/Quantum Meruit*)

65.     Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

66.     Plaintiff conferred upon Defendants a benefit for which he did not receive the requested restoration services in exchange.

67.     Defendants accepted that benefit

68.     As a direct and proximate result, Defendants have been unjustly enriched to the detriment of Plaintiff.

WHEREFORE Plaintiff demands judgments against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, rescission, restitution, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

## THIRD COUNT
### (*Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1 – 201-9.2)*)

69.     Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

70.     Defendants are "Persons" as defined by the UTPCPL.

71.     Defendants conducted themselves in an unlawful manner by materially misrepresenting to the Plaintiff the facts, circumstances, and conditions surrounding the restoration work to be done in a timely manner on the Vehicle.

72.     Defendants acts were unfair and deceptive.

73.     As a direct and proximate result of Defendants' breach, Plaintiff has sustained an ascertainable loss of money and property.

74.     The loss occurred as a result of the use or employment by the Defendants of a method, act, or practice declared unlawful by the UTPCPL.

75.     Plaintiff justifiably relied upon the unlawful business practices of the Defendants when deciding whether to have the Vehicle restored by the Defendants.

WHEREFORE Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, rescission, restitution, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

### FOURTH COUNT
(*Common Law Fraud*)

76.     Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

77.     Defendants have materially misrepresented to the Plaintiff the facts, circumstances, and conditions surrounding the restoration work, or lack thereof, performed on the Vehicle.

78.     Defendants knew or should have known that the material representations made to Plaintiff were false, including, but not limited to, the representation that they would restore the Vehicle in a timely manner and in accordance with the Agreement.

79.    Defendants intended to mislead the Plaintiff and for Plaintiff to rely on their false representations in order to induce him to enter into the agreement.

80.    Plaintiff justifiably relied on Defendants' material misrepresentations.

81.    As a direct and proximate result of their reasonable reliance, Plaintiff has sustained significant and substantial damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, rescission, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

### FIVE COUNT
#### (*Negligent Misrepresentation*)

82.    Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

83.    Defendants owed a duty to Plaintiff to provide accurate and correct representations and to provide all of the relevant information and background concerning the restoration work to be performed on the Vehicle.

84.    Defendants knew or should have known of the falsity of their representations to the Plaintiff.

85.    Defendants intended to induce Plaintiff to act on those representations.

86.    Defendants breached that duty by expressly and or implicitly materially misrepresenting to Plaintiff the facts, circumstances, and conditions surrounding the restoration work, the timing for completion, and the resulting costs.

87.    As a direct and proximate result of Defendants' breach, Plaintiff has sustained significant and substantial damages.

WHEREFORE Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, rescission, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

## SIXTH COUNT
### (*Negligence*)

88.    Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

89.    Defendants owed a duty to the Plaintiff to exercise reasonable prudence and care in connection with the restoration work performed on the Vehicle.

90.    Defendants have breached that duty by the acts and omissions aforesaid.

91.    As a direct and proximate result of the breach, Plaintiff has sustained, and will continue to sustain significant and substantial damages.

WHEREFORE Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, rescission, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

## SEVENTH COUNT
### *(Piercing the Corporate Veil/Alter Ego Liability)*

92.    Plaintiff repeats and realleges the facts common to all counts and preceding paragraphs and causes of action as if set forth more fully herein.

93.    Defendants Dunlop, Meldrum, McKeon and John Does 1-10 used the corporate veil of RS-Werks, John Does 1-10 and ABC Corps. 1-10 as a mere instrumentality for their personal business conduits, as described herein.

94.    RS-Werks, John Does 1-10 and ABC Corps. 1-10 were used as Dunlop, Meldrum, McKeon and John Does 1-10's alter egos.

95. Defendants Dunlop, Meldrum, McKeon and John Does 1-10 are therefore responsible to Plaintiff jointly and severally for any liabilities caused by RS-Werks, John Does 1-10, and ABC Corps. 1-10.

WHEREFORE Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, rescission, pre-judgment interest, reasonable attorney's fees, disbursements and court costs, and such further relief as the court deems proper and just.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the foregoing, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of actual damages, treble damages, punitive damages, statutory damages, economic damages, emotional distress damages, and civil fines, injunctive relief, reinstatement of employment and/or lost wages and benefits, reinstatement of seniority and tenure, declaratory relief, reasonable attorney's fees, costs of suit, interest, and such other and further relief as this Court deems necessary and just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by a jury.

Respectfully submitted,
BLICK LAW LLC


By:    s/ SHAUN I. BLICK, ESQ.
Shaun I. Blick, Esq.
Pennsylvania State Bar No.: 326566
sblick@blicklaw.com
220 Davidson Avenue, Suite 300
(848) 222-3500 – Phone
(848) 222-3550 – Fax
http://www.blicklaw.com
*Attorneys for Plaintiff*


Dated: August 18, 2022

# EXHIBIT A



**RS-Werks Build Sheet - 19th of May 2019**
964 Custom RSR Restomod for Christian
Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

**rswerks.com**

**Prospective Client**

| | |
|---|---|
| **Customer:** | Christian Douglas |
| **Phone:** | 904-993-9452 |
| **Email:** | christiandouglas@msn.com |
| **Mailing Address** | |

**Donor Vehicle:**

| | |
|---|---|
| **Make** | Porsche 964 - Supplied by Client |
| **Model** | Carrera 2 |
| **Color** | Guards Red |
| **Year** | 1990 |
| **Type** | Coupe |
| **VIN #** | WP0AB2961LS450847 |
| **WA #** | TBA |

**Restoration**

| | |
|---|---|
| **Type** | Custom Restoration |
| **Body Style** | RSR Restomod |
| **Backdate** | Yes |

Total Paid on Original Scope to date: $153,400

Change Orders Paid: $5,500

Total Paid to date: $158,900

Remaining Balance Owed by client for Completion: $33,600

Value of Scope of work completed
based on assigned agreement values: $57,550



**RS-Werks Build Sheet - 19th of May 2019**

964 Custom RSR Restomod for Christian

Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

**rswerks.com**

| | | | | |
|---|---|---|---|---|
| **Exterior:** | | | $ | 22,500.00 |
| **Paint Color** | See pics of SVD | | $ | 15,000.00 |
| **Paint Code/Type** | To be Decided | | | |
| **Thermal Stripping** | Optional | | | |
| **E-Coat Rust Protection** | Optional | | | |
| **Hood Style** | Carbon Hood | | $ | 1,200.00 |
| **Decklid Type** | Custom Fiber Glass SVD type decklid | *Spoiler To be supplied by Van Thul* | $ | 1,500.00 |
| **Hood Latch** | Stock | | | |
| **Deck Lid Grille** | 964 grille | *To be supplied by Van Thul, includes clear grille underlay* | $ | 400.00 |
| **Decklid Latch** | Stock | | | |
| **Doors** | Stock | | | |
| **Pop Out Quarter Glass** | Stock nickel plated | | $ | 200.00 |
| **Window Frames** | nickel plated | | $ | 400.00 |
| **Horn Grilles** | nickel plated | | $ | 100.00 |
| **Window Trim** | nickel plated | | $ | 100.00 |
| **Wing Mirror** | Both sides nickel plated through vent window | | $ | 1,250.00 |
| **Underbody: Paint/Black** | Body Color | | $ | - |
| **Body Seals** | New | | $ | 1,500.00 |
| **Front Bumper** *To be supplied by Van Thul* | 911T Modified SVD Style bumper trim delete | *finished with honey comb wire guage in grill* | $ | 1,200.00 |
| **Rear Bumper** *To be supplied by Van Thul* | SWB Style with Satin Nickel Finish Bumperettes bumper trim delete | | $ | 2,500.00 |
| **Headlight Rings** | nickel plated | | $ | 100.00 |
| **Sunroof** | Delete | | $ | - |
| **Fuel Filler** | Center Fill | | $ | 1,850.00 |
| **Torsion Bar Covers** | N/A (Coil overs) | | | |
| **Livery (Decals)** | To Be Decided | | | |
| **Antenna** | None | | | |
| **Hood hinges** | Stuttgart Classic | | $ | 1,450.00 |



### RS-Werks Build Sheet - 19th of May 2019
### 964 Custom RSR Restomod for Christian
### Estimated Completion: 9-12 Months

**RS-Werks**
**103 W 1st Ave**
**Parkesburg PA 19365**
**rswerks.com**

| Interior: | | $ | 4,500.00 |
|---|---|---|---|
| Carpet | See GTS classic quote | | |
| Headliner | Blue Alcantara | $ | 750.00 |
| Dash Pad | See GTS classic quote | | |
| Lower Dash | See GTS classic quote | | |
| Vinyl or Painted Dash | Choice of Color | | |
| Rear Seats | Yes see GTS classic quote | | |
| Front Seats | GTS Classics - Clients Choice | | |
| Steering Wheel | see GTS classic quote    MoMo Protipo wrapped in alcantara to match liner and stiching to match interior stripes | | |
| Seat Belts | New 3 Point Vintage Style | $ | 450.00 |
| Pedal Assembly | Rennline | $ | 350.00 |
| Dome Light | Stock | | |
| Pedal Board | Rennline | $ | 145.00 |
| Kick Board | Rennline | $ | 155.00 |
| Tunnel Cover | Part of Carbone package | | |
| Rear View Mirror | Black Stock | | |
| Sun Visors | New Stock style in Blue Alcantara | | |
| Door Panels | see GTS classic quote | | |
| Door Pulls | see GTS classic quote | | |
| Roll Cage | N/A | | |
| Center Console | Special Order Paintable Drop In Kit Incudes door sills and rear seats | $ | 5,850.00 |
| Windows: Power/Manual | Power | $ | 600.00 |
| Allowance: | GTS Classic allowance $15,000.00 | $ | 15,000.00 |

| Interior, Trunk: | | | |
|---|---|---|---|
| Carpet | GTS classic make in Square Weave | $ | 600.00 |
| Spare Tire | Standard | | |
| Smuggler's Box | | | |
| HVAC Cover | Stock | | |
| Battery Boxes | Stock | | |



**RS-Werks Build Sheet - 19th of May 2019**

964 Custom RSR Restomod for Christian

Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

rswerks.com

| Electronics: | | $ | 14,500.00 |
|---|---|---|---|
| Battery | Stock deep cycle quality, new | $ | 250.00 |
| Wiring Harness | restored | $ | 1,850.00 |
| Alternator | New | $ | 395.00 |
| Starter | New | $ | 450.00 |
| Headlights | LED Clear Lenses | $ | 1,250.00 |
| Tail Lights | New | $ | 1,650.00 |
| Turn Signals | New | $ | 450.00 |
| Marker Lights | | | |
| Aux. Lighting | N/A | | |
| Defrost | Yes | | |
| Radio | Yes, rStrada with Bluetooth | $ | 250.00 |
| Air Conditioning | Yes, Upgraded Electric System | $ | 2,575.00 |
| Fire Suppression | N/A | | |
| Heat | Stock | | |
| Windshield Washer | Stock | | |
| Sunroof | delete | $ | - |
| Battery Disconnect | N/A | | |
| Horn | Stock | | |
| Gauges | Back Dated 356 Style Green Gauges with Silver Dot and nickel plated gauge surrounds | $ | 4,850.00 |



**RS-Werks Build Sheet - 19th of May 2019**

964 Custom RSR Restomod for Christian

Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

**rswerks.com**

| | | | |
|---|---|---|---|
| **Fuel System:** | | $ | 2,500.00 |
| **Fuel Fill** | Center Filler with Brushed Nickel Finish with "FUEL" Text | $ | 450.00 |
| **Tank Type** | Stock | | |
| **Fuel Lines** | New | $ | 850.00 |
| **Fuel Pump** | New | $ | 385.00 |
| **Fuel Filter** | Stock | | |
| | | | |
| **Oiling System:** | | $ | 1,200.00 |
| **Oil Coolers** | Upgraded | $ | 1,850.00 |
| **Oil Lines** | Stock | | |
| **Oil Lines ( Body)** | Stock | | |
| **Oil Tank** | 72 style similar to SVD | $ | 2,850.00 |
| | | | |
| **Glass:** | | $ | 800.00 |
| **Front Glass** | New | $ | 500.00 |
| **Rear Glass** | Stock | | |
| **Door Glass** | Stock | | |
| **Quarter Glass** | Stock | | |
| **Vent Glass** | N/A | | |



**RS-Werks Build Sheet - 19th of May 2019**

964 Custom RSR Restomod for Christian

Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

**rswerks.com**

| | | | |
|---|---|---|---|
| **Front Suspension:** | | $ | 2,500.00 |
| **Steering Rack** | Factory Power Steering | $ | - |
| **Sway Bar** | Upgraded adjustable front and back | $ | 950.00 |
| **Struts/Coil overs** | Bilstein | $ | 2,895.00 |
| **Strut Bar** | N/A | | |
| **Ball Joints** | New | $ | 350.00 |
| | | | |
| **Rear Suspension:** | | $ | 2,000.00 |
| **Sway Bar** | Adjustable | $ | 950.00 |
| **Shocks** | Bilstein | | |
| **Control Arms** | Stock | | |
| **Torsion Bars** | N/A | | |
| | | | |
| **Brakes:** | | $ | 2,510.00 |
| **Front Brake Calipers** | Brembo color to match interior with white Porsche lettering | $ | 1,500.00 |
| **Front Brake Rotors** | New slotted | $ | 600.00 |
| **Brake Booster** | N/A | | |
| **Brake Pads** | New | $ | 235.00 |
| **Master Cylinder** | Upgraded | $ | 495.00 |
| **Brake Lines** | New | $ | 350.00 |
| **Rear Brake Rotors** | New slotted match interior color with white Porsche lettering | $ | 495.00 |
| **E- Brake** | Electric e-brake  Regular handbrake . funds to be used for upgrades etc | $ | 2,500.00 |
| **Rear Brake Calipers** | Stock match interior color with white Porsche lettering | $ | 450.00 |
| | | | |
| **Wheels/Tires:** | | $ | 450.00 |
| **Front Wheels** | 9x17 Fiske "Fuchs" outer lip nickel plate and face nickel plated | $ | 2,500.00 |
| **Rear Wheels** | 11x17 Fikse "Fuchs" outer lip nickel plate and face nickel plated | $ | 2,850.00 |
| **Front Tires** | New | $ | 600.00 |
| **Rear Tires** | New | $ | 600.00 |
| **Spacers** | N/A | | |
| **Lug Nuts** | New | $ | 300.00 |



**RS-Werks Build Sheet - 19th of May 2019**

964 Custom RSR Restomod for Christian

Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

**rswerks.com**

**Transmission:**

| Type | Factory 5 Speed | $ | - |
|---|---|---|---|
| LSD | Yes | $ | - |
| Rebuilt | Complete overhaul parts replaced as needed | $ | 2,000.00 |
| Clutch | New | $ | 695.00 |
| Fly Wheel | Single mass flywheel | $ | 895.00 |
| Shift Coupler | Rebuilt | $ | 200.00 |
| Starter | New | $ | 450.00 |
| Shifter | Custom similar to SVD | $ | 1,400.00 |

**Engine:**

| Displacement | 3.8 with Independent Throttle Bodies | $ | 18,500.00 |
|---|---|---|---|
| Induction | GT3 Intake Manifold | $ | 8,500.00 |
| Management | Motec M84 | $ | 3,500.00 |
| Headers | Custom | $ | 3,365.00 |
| Exhaust ceramic coated with polished tips | Dual Center Outlet Custom to Clients preferences. GT3 style | $ | 1,560.00 |
| Engine Shroud | Restored Black | $ | - |
| Engine Tin | Restored Black | $ | - |
| Sound Pad | Vinyl Diamond Stitch finish stitching to match body color vinyl in dark blue to match interior | $ | 350.00 |
| Air Filtration | K&N Filtration | $ | - |



### RS-Werks Build Sheet - 19th of May 2019
964 Custom RSR Restomod for Christian
Estimated Completion: 9-12 Months

**RS-Werks**

**103 W 1st Ave**

**Parkesburg PA 19365**

**rswerks.com**

| | | |
|---|---|---|
| Total $ | | 187,000.00 |
| Due upon signing of contract: | | $19,000 |
| Balance to be paid monthly over the duration of the build | | $168,000 |
| 12 Monthly Payments of | | $14,000.00 |

I agree to purchase the build as per the specifications in this build sheet and RS-Werks LLC's Terms and Conditions:

**Name:** Christian Douglas

**Address:** ███████████ Jacksonville Fl 32224

**Phone:** ███████

**Email:** ███████████

**Signature:** *[signature]*

**Date:** 5/23/2019

**Notes:**  1. This build will remain available until deposit and signed build sheet is received.

2. Changes in the above specification can increase build time and cost

3. Changes to be submitted in writing by email or text etc.

4. Other options and upgrades are possible, we have listed some of the popular options, if you have something else in mind we can do it.