IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN DOUGLAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.:  2:22-CV-03304 |
| v. | : | |
| | : | |
| RS-WERKS AUTOMOTIVE SHOP, LLC | : | |
| d/b/a RS-WERKS, NICHOLAS DUNLOP, | : | |
| MICHAEL MELDRUM, ROBERT SCOTT | : | |
| McKEOWN, JOHN AND JANE DOES | : | |
| 1-10 | : | |
| | : | |
| Defendant. | : | |

## DEFENDANTS' RS-WERKS LLC AUTOMOTIVE SHOP, LLC, NICHOLAS DUNLOP, MICHAEL MELDRUM AND ROBERT SCOTT MCKEOWN, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

BACKGROUND .................................................................................................... 2

STANDARD OF REVIEW ..................................................................................... 3

ARGUMENT .......................................................................................................... 3

I.    Plaintiff Has Not Pled A Claim For Common Law Fraud Or Negligent
      Misrepresentation................................................................................... 3

II.   Plaintiff Has Failed to State A Claim Under The UTPCPL .................... 6

III.  Pennsylvania Does Not Recognize A Separate Claim  For
      Piercing The Corporate Veil .................................................................. 7

IV.   Plaintiff's Negligence Claim Is Barred by The Gist Of The Action Doctrine ........ 8

V.    Plaintiff's Unjust Enrichment Claim Must Be Dismissed Because An Express
      Contract Exists ...................................................................................... 9

VI.   Plaintiff Has Failed To State A Claim Against Defendants Dunlop, Meldrum and
      McKeown ............................................................................................. 10

CONCLUSION..................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Accurso v. Infra-Red Servs., Inc.,
 23 F.Supp.3d 494 (E.D.Pa. 2014) ...........................................................................7, 8

Adams v. Copper Beach Townhome Cmtys., L.P.,
 816 A.2d 301 (Pa. Super. Ct. 2003) ............................................................................5

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ....................................................................................................3

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 (2007) ....................................................................................................6

United States ex rel. Bookwalter v. UPMC,
 946 F.3d 162 (3d Cir. 2019) .......................................................................................3

Bruno v. Erie Insurance Co.,
 106 A.3d 48 (2014) .....................................................................................................9

Commonwealth by Creamer v. Monumenta Properties, Inc.,
 329 A.2d 812 ............................................................................................................11

Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC,
 648 Pa. 604 (Pa. 2018) ............................................................................................7, 8

Dittman v. UPMC,
 196 A.3d 1036 (Pa. 2018) ........................................................................................5, 6

Earl v. NVR, Inc.,
 990 F.3d 310 (3rd Cir. 2021) ......................................................................................8

Enslin v. Coca-Cola Co.,
 136 F. Supp. 3d 654 (E.D. Pa. 2015) ..........................................................................9

Fish Net, Inc. v. ProfitCenter Software, Inc.,
 2013 U.S. Dist. LEXIS 148661, 2013 WL 5635992 (E.D. Pa. Oct. 15, 2013) .......10

Frederico v. Home Depot,
 507 F.3d 185 (3d. Cir. 2007)........................................................................................3

Garczynski v. Countrywide Home Loans, Inc.,
 656 F.Supp.2d 505 (E.D.Pa. 2009) .............................................................................6

Gongloff Contracting LLC v. Robert Kimball & Assocs., Architects & Eng'rs
Inc.,
   119 A.3d 1070 (Pa. Super. Ct. 2015) .................................................................5

Hemphill v. Nationstar Mortg. LLC,
   2018 WL 4929864 (E.D. Pa. Oct. 10, 2018)......................................................7

Hutchinson v. Luddy,
   870 A.2d 766 (Pa. 2005) ..................................................................................11

Kamara v. Columbia Home Loans, LLC,
   654 F.Supp.2d 259 (E.D.Pa. 2009) ....................................................................6

Kaymark v. Bank of Am., N.A.,
   783 F.3d 168 (3d Cir. 2015)............................................................................6, 7

KDH Electronic Systems, Inc. v. Curtis Technology Ltd.,
   826 F. Supp. 2d 782 (E.D. Pa. 2011) ...............................................................10

Kee v. Zimmer, Inc.,
   871 F.Supp.2d 403 (E.D.Pa. 2012) ..................................................................11

Loften v. Diolosa,
   2008 WL 2994823 (M.D.Pa. 2008) ...................................................................7

In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,
   2015 WL 4092326 (S.D.N.Y. 2015) ..................................................................6

Mitchell v. CJKant Res. Grp., LLC,
   2021 U.S. Dist. LEXIS 240985 (E.D.Pa. 2021) ................................................8

Mitchell v. Moore,
   1999 729 A.2d 1200 (Pa. Super. 1999)..............................................................9

Pearson v. Component Tech. Corp.,
   247 F.3d 471 (3d. Cir. 2001)..............................................................................8

Personavera, LLC v. College of Healthcare Info. Mgmt. Execs.,
   2021 WL 1313108 (E.D. Pa. Apr. 8, 2021) .......................................................5

Rabner v. Titelman,
   2016 U.S. Dist. LEXIS 54102, 2016 WL 1613444 (W.D. Pa. April 22, 2016) .....................10

Reuben v. U.S. Air,
   Civ. A. No. 11-1235, 2012 U.S. Dist. LEXIS 84038, 2012 WL 2302156
   (W.D. Pa. June 18, 2012), aff'd sub nom., Reuben v. U.S. Airways, Inc., 500
   F.App'x 103 (3d Cir. 2012) ..............................................................................10

Schmidt v. Ford Motor Co.,
    972 F.Supp. 2d (E.D.Pa. 2013) ...........................................................................3

Shuker v. Smith & Nephew, PLC,
    885 F.3d 760 (3d Cir. 2018)................................................................................4

SieMatic Mobelwerke GMBH & Co. KG v. SieMatic Corp.,
    643 F.Supp.2d 675 (E.D.Pa. 2009) ....................................................................7

Tulp v. Educational Commission for Foreign Medical Graduates,
    376 F.Supp.3d 531 (E.D.Pa. 2019) ....................................................................4

**Statutes**

73 P.S. § 201-2(4) ...................................................................................2, 6, 7, 11

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................................1, 3

Federal Rules of Civil Procedure 9 .........................................................................3, 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN DOUGLAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.: 2:22-CV-03304 |
| v. | : | |
| | : | |
| RS-WERKS AUTOMOTIVE SHOP, LLC | : | |
| d/b/a RS-WERKS, NICHOLAS DUNLOP, | : | |
| MICHAEL MELDRUM, ROBERT SCOTT | : | |
| McKEOWN, JOHN AND JANE DOES | : | |
| 1-10 | : | |
| | : | |
| Defendant. | : | |

## DEFENDANTS' RS-WERKS LLC AUTOMOTIVE SHOP, LLC, NICHOLAS DUNLOP, MICHAEL MELDRUM AND ROBERT SCOTT MCKEOWN, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)6

Defendants, RS Werks Automotive Shop, LLC, Nicholas Dunlop, Michael Meldrum, and Robert Scott McKeown (collectively, "Defendants"), respectfully submit this Memorandum of Law in support of Defendants' Motion to Partially Dismiss Plaintiff's Complaint.

## INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants respectfully request to partially dismiss Plaintiff's Complaint. At the core of this litigation is a breach of contract dispute between Plaintiff and RS-Werks for the restoration of a vehicle. Despite this basic premise, Plaintiff has applied a "kitchen-sink" approach in asserting several causes of action with no basis in law against all Defendants, and improperly asserting causes of action against the individual Defendants Dunlop, Meldrum, and McKeown (collectively "the Individual Defendants"). Defendants concede that Plaintiff has established a *prima facie* cause

of action for breach of contract against RS-Werks.   However, as argued more fully below, Plaintiff has failed to state a claim for the remaining causes of action, and has failed to state a cause of action against the Individual Defendants.   Therefore, Defendants respectfully request that the Court grant its partial motion to dismiss.

## BACKGROUND

Plaintiff, Christian Douglas, alleges that on or about May 29, 2019, he entered into a contract with RS-Werks to restore a 1990 Porsche 964 (the "Vehicle").  (Doc. 1 at ¶¶ 19, 22). Plaintiff makes conclusory allegations that "Defendants" collectively breached the contract between Plaintiff and RS-Werks by failing to timely perform the restoration work, and that Plaintiff will be required to expend additional costs to complete the restoration work.  (Id. at ¶¶ 38-54).  Plaintiff also generally makes conclusory allegations that Defendants Dunlop, Meldrum and McKeown are "employee[s] and/or member[s]" of RS-Werks.  (Id. at ¶¶ 3-5).   Further, Plaintiff alleges, that collectively Defendants made false representations to Plaintiff regarding the progress of the contractual restoration project, but the Complaint fails to specify which Defendant allegedly made these misrepresentations, when they were made, and the substance of the alleged misrepresentations.  (Id. at ¶¶ 35, 52, 53, 71, 77-79, 82-87).

On August 18, 2022, Plaintiff filed a Complaint in this Court, establishing jurisdiction based on diversity of citizenship (Doc. 1).  The Complaint asserts six causes of action against all Defendants: (1) breach of contract, (2) unjust enrichment/quantum merit, (3) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), (4) common law fraud, (5) negligent misrepresentation, and (6) negligence.  Plaintiff also a seeks in a seventh count to pierce the corporate veil/alter ego liability against Defendants Dunlop, Meldrum and McKeown.

2

## STANDARD OF REVIEW

On a motion under Rule 12(b)(6), dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## ARGUMENT

### I.      Plaintiff Has not Pled a Claim for Common Law Fraud or Negligent Misrepresentation

Plaintiff has failed to plead with specificity a cause of action for common law fraud or negligent misrepresentation.   Under FRCP 9(b), "a party must state with particularity the circumstances constituting fraud of mistake".  To satisfy this requirement, a plaintiff "must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 185, 200 (3d. Cir. 2007); see also Schmidt v. Ford Motor Co., 972 F.Supp. 2d, 712, 720 (E.D.Pa. 2013)(finding that Rule 9(b) applies to fraud and negligent misrepresentation).   More specifically, "Rule 9(b)'s particularity requirement requires a plaintiff to allege all of the essential factual background that would accompany the first paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue." United States ex rel. Bookwalter v. UPMC, 946 F.3d 162, 176 (3d Cir. 2019)(quoting U.S. ex. rel. Moore & Company, P.A. v. Majestic Blue Fisheries, LLC, 812 F.3d 294, 307 (3d Cir. 2016) and In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F.3d 198, 217 (3d Cir. 2002)).

Here, Plaintiff makes bald, conclusory allegations that "Defendants" made misrepresentations as to the project schedule and timeline for completion. Plaintiff makes no effort to identify: (a) who specifically made these alleged representations, (b) what was specifically said that constituted an alleged misrepresentation, (c) when these alleged misrepresentations were made, (d) who these alleged misrepresentations where made to, and (e) in what form of communication these alleged misrepresentations were made. Plaintiff's barebones pleading of these causes of action fails to meet the heightened pleading requirement under FRCP 9, and thus, must be dismissed.

Assuming *in arguendo* that Plaintiff's non-specific conclusory allegations met the stringent requirements of pleading fraud and negligent misrepresentation under FRCP 9, Plaintiff's claims nevertheless fail as a matter of law. Under Pennsylvania law, a fraud claim requires that a plaintiff alleges: (1) a 'representation' which is (2) material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, (4) made with intent of misleading another into relying on it, (5) justifiable reliance on the misrepresentation, and (6) resulting injury was proximately caused by the reliance. Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 778 (3d Cir. 2018)(quoting Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994)). Plaintiff's Complaint is completely devoid of any factual allegations to support that any of the non-specific, alleged misrepresentations were made falsely with knowledge of their falsity or recklessness as to whether each alleged misrepresentation was true or not. As such, the fraud claims must be dismissed.

A negligent misrepresentation claim requires: (1) a misrepresentation of a material fact; (2) made under circumstances in which the representor ought to have known its falsity; (3) an intention that the representation would induce another to act on it; and (4) injury resulting to the party acting in justifiable reliance on the misrepresentation. Tulp v. Educational Commission for

4

Foreign Medical Graduates, 376 F.Supp.3d 531, 544 (E.D.Pa. 2019); Gongloff Contracting LLC v. Robert Kimball & Assocs., Architects & Eng'rs Inc., 119 A.3d 1070, 1076 (Pa. Super. Ct. 2015).   The Complaint once again fails to provide any support that any of the alleged misrepresentations were made under the circumstances in which the representor (who is not specifically identified) ought to have known of its falsity.   The Complaint contains no specific allegations of misrepresentations by a specific Defendant.   Rather, Plaintiff lumps all the defendants together and makes general allegations of alleged misrepresentations without any information as to *who* made the misrepresentation, *when* it was made, *what* the statement was that was a misrepresentation, and *why* the unspecified representor ought to have known of the alleged falsity of the statement.   Therefore, the negligent misrepresentation claim must be dismissed.

The negligent misrepresentation claim fails for the additional reason that it is barred by the economic loss doctrine. "The Economic Loss Doctrine provides that no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." Adams v. Copper Beach Townhome Cmtys., L.P., 816 A.2d 301, 305 (Pa. Super. Ct. 2003). Pennsylvania courts apply the doctrine to negligent-misrepresentation claims unless the party is "hired to advise." Personavera, LLC v. College of Healthcare Info. Mgmt. Execs., 2021 WL 1313108, at *9 (E.D. Pa. Apr. 8, 2021) (collecting cases applying the economic loss doctrine to negligent misrepresentation claims and discussing a "rigid and narrowly construed" exception only for those "hired to advise.")   Pennsylvania follows a reasonable approach to applying the economic loss doctrine that turns on the determination of the source of the duty plaintiff claims the defendant owed.   Dittman v. UPMC, 196 A.3d 1036, 1054 (Pa. 2018).  "Specifically, if the duty arises under a contract between the parties, a tort action will not

5

lie from a breach of that duty." Id.  Here, the duty for the restoration of the vehicle clearly stems from the contract between Plaintiff and RS-Werks.  Because the duty arises out of a written contract, the economic loss doctrine bars Plaintiff's tort claim for negligent misrepresentation.

## II.    Plaintiff Has Failed to State a Claim under the UTPCPL

Count III of Plaintiff's Complaint – Violations of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL" must be dismissed because it is insufficiently pled.  "To maintain a private right of action under the UTPCPL, a plaintiff must demonstrate (1) ascertainable loss of money or property, real or personal, (2) as a result of the defendant's prohibited conduct under the statute." Kaymark v. Bank of Am., N.A., 783 F.3d 168, 180 (3d Cir. 2015).  The UTPCPL provides a definition of twenty-one (21) unfair methods of competition and unfair or deceptive acts or practices.  73 P.S. § 201-2(4).  Notably, Plaintiff's Complaint does not cite to a single, specific provision of the UTPCPL that any Defendant alleged violated.  Rather, Plaintiff makes general allegations of alleged misrepresentations without citing to any specific misrepresentations by any specific defendants.  Group pleading allegations are inappropriate under the UTPCPL and do not satisfy the standards required post-Iqbal and Twombly.  Pennsylvania v. Exxon Mobil Corp. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 2015 WL 4092326 (S.D.N.Y. 2015).  Here, Plaintiff's Complaint fails to apprise each defendant of the alleged actions it or he took that allegedly violated the statute.  By lumping all Defendants together without any differentiation, Plaintiff makes it impossible for each defendant to formulate a response to the claim or prepare a defense.  Kamara v. Columbia Home Loans, LLC, 654 F.Supp.2d 259, 265 (E.D.Pa. 2009)(dismissing UTPCPL claims that did not distinguish among the defendants in setting for the alleged violations); Garczynski v. Countrywide Home Loans, Inc., 656 F.Supp.2d 505, 515-16 (E.D.Pa.

2009)(finding that plaintiff must allege with particularity the UTPCPL elements necessary to support a violation as to a particular Defendant); <u>Loften v. Diolosa</u>, 2008 WL 2994823 (M.D.Pa. 2008).

Moreover, Plaintiff has not pled an ascertainable loss either.  An ascertainable loss cannot be speculative, and "must be established from the factual circumstances surrounding each case." <u>Kaymark</u>, 783 F.3d at 180.  In determining whether losses are "as a result" of the defendant's conduct, courts consider whether the "losses represent the costs that Plaintiff incurred as a result of her specific circumstances," and therefore are "remote" from the defendant's actions. <u>Hemphill v. Nationstar Mortg. LLC</u>, 2018 WL 4929864, at *5-6 (E.D. Pa. Oct. 10, 2018). Here, Plaintiff does no more than allege that RS-Werks did not timely complete the restoration of the vehicle.  Plaintiff is unable to point to a specific ascertainable loss based on this alleged misconduct.  Accordingly, the UTPCPL claim must be dismissed.

## III.    Pennsylvania Does Not Recognize a Separate Claim Piercing the Corporate Veil

In Count VII, Plaintiff alleges an independent cause of action for "piercing the corporate veil/alter ego liability" against Defendants Dunlop, Meldrum, and McKeown.  However, it is well-established that under Pennsylvania law, piercing the corporate veil, which includes "alter ego liability," is not an independent cause of action. <u>SieMatic Mobelwerke GMBH & Co. KG v. SieMatic Corp.</u>, 643 F.Supp.2d 675, 683 (E.D.Pa. 2009); <u>see also</u> <u>Accurso v. Infra-Red Servs., Inc.</u>, 23 F.Supp.3d 494, 510 (E.D.Pa. 2014).  In <u>Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC</u>, 648 Pa. 604 (Pa. 2018), the Pennsylvania Supreme Court unequivocally held "[a] request to pierce the corporate veil is not an independent cause of action." <u>Id.</u> at 1035.  The Court explained that the alter ego theory is a theory sued to impose liability onto a defendant once an actual cause of action has been proven, such as a breach of contract claim, and after the

necessary factors for piercing the corporate veil have been met. Id.  Given that Pennsylvania law applies in the present diversity action, the Pennsylvania Supreme Court's determination that alter ego and veil-piercing claims are not independent causes of action supports a dismissal of this claim with prejudice.  See also, Mitchell v. CJKant Res. Grp., LLC, 2021 U.S. Dist. LEXIS 240985 (E.D.Pa. 2021)(finding that Pennsylvania law does not recognize piercing the corporate veil/alter ego as an independent cause of action).

Even if Pennsylvania recognized this cause of action, which it does not, Plaintiff's Complaint does not plead the factors required to pierce the corporate veil.  A corporate entity shields its owners from personal liability for damages against the entity.  Pearson v. Component Tech. Corp., 247 F.3d 471 (3d. Cir. 2001).  A "party that seeks to pierce the corporate veil must show the lack of [corporate] formalities led to some misuse of the corporate form."  Accurso v. Infra-Red Servs., Inc., 23 F.Supp.3d 494, 509-10 (E.D.Pa. 2014).  When considering whether the corporate veil may be pierced, courts weigh the following factors: "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud."  Mitchell, 2021 U.S. Dist. LEXIS at *7 (quoting Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995)).  Plaintiff's Complaint does not even attempt to make a *prima facie* case against the Individual Defendants for piercing the corporate veil, as the Complaint fails to allege any of the above factors.

## IV.    Plaintiff's Negligence Claim is Barred by the Gist of the Action Doctrine

The "gist of the action" doctrine bars Plaintiff's negligence claim.  Under the gist of the action doctrine, "an alleged tort claim against a party to a contract . . . is barred when the gist or gravamen of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." Earl v. NVR, Inc.,

990 F.3d 310, 314-15 (3rd Cir. 2021) (quoting <u>Dixon v. Nw. Mut.</u>, 2016 PA Super 186, 146 A.3d 780, 788 (Pa. Super. 2016)). "The critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract" is "the nature of the duty alleged to have been breached." <u>Bruno v. Erie Insurance Co.</u>, 106 A.3d 48 (2014). If the "duty breached is one created by the terms of the contract, then the claim is to be viewed as one for breach of contract." <u>Id.</u> Here, the duty at issue was the restoration of the Vehicle pursuant to the terms of the contract between Plaintiff and RS-Werks. Because Plaintiff's negligence claim is barred by the gist of the action doctrine, it must be dismissed.

## V.    Plaintiff's Unjust Enrichment Claim Must Be Dismissed Because An Express Contract Exists

Plaintiff's cause of action for Unjust Enrichment/Quantum Merit (Count II) is not legally viable because Plaintiff and RS-Werks entered into a contract. It is black letter law that unjust enrichment cannot exist when there is a contract between the parties. <u>Mitchell v. Moore</u>, 1999 729 A.2d 1200, 1203 (Pa. Super. 1999); <u>Enslin v. Coca-Cola Co.</u>, 136 F. Supp. 3d 654, 677 (E.D. Pa. 2015) ("[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" quoting <u>Third Nat'l & Tr. Co. of Scranton v. Lehigh Valley Coal Co.</u>, 353 Pa. 185, 44 A.2d 571, 574 (Pa. 1945)). Unjust enrichment is an equitable doctrine that implies a contract where none exists to avoid one party begin unjustly enriched at the expense of another. <u>Id.</u> In the present matter, Plaintiff admits and avers that a contract exists between with RS-Werks, thereby making the doctrine unnecessary and inapplicable. (Doc. 1 at ¶¶ 22, 23, 26, 27, 31, 32, 57, 58). Accordingly, Count II should be dismissed with prejudice.

## VI.   Plaintiff Has Failed to State a Claim Against Defendants Dunlop, Meldrum and McKeown

Plaintiff asserts each count in the Complaint collectively against all Defendants. However, Plaintiff has failed to adequately plead these causes of action against Defendants Dunlop, Meldrum and McKeown (collectively, "Individual Defendants").

With respect to Count I – Breach of Contract, the Individual Defendants cannot be liable because the contract at issue is between Plaintiff and RS-Werks. (Doc. 1 at ¶ 22). It is axiomatic that only a party to a contract can be sued for its breach. See Fish Net, Inc. v. ProfitCenter Software, Inc., 2013 U.S. Dist. LEXIS 148661, 2013 WL 5635992, at *4 (E.D. Pa. Oct. 15, 2013); Rabner v. Titelman, 2016 U.S. Dist. LEXIS 54102, 2016 WL 1613444 at *7 (W.D. Pa. April 22, 2016) (party to contract is appropriate party to sue for the breach); see also, Electron Energy Corp., 597 A.2d at 177; Reuben v. U.S. Air, Civ. A. No. 11-1235, 2012 U.S. Dist. LEXIS 84038, 2012 WL 2302156, at *6 (W.D. Pa. June 18, 2012), aff'd sub nom., Reuben v. U.S. Airways, Inc., 500 F.App'x 103 (3d Cir. 2012). Moreover, "as a general matter, when a corporation enters into a contract, the corporation alone is liable," KDH Electronic Systems, Inc. v. Curtis Technology Ltd., 826 F. Supp. 2d 782, 794 (E.D. Pa. 2011) (citing Loeffler v. McShane, 372 Pa. Super. 442, 539 A.2d 876, 879 (Pa. Super. 1988). Because they were not parties to the contract, the Individual Defendants cannot be liable under Count I.

As described more fully above, Counts II, III, IV, V, VI, and VII must be dismissed in their entirety. However, even if the Court were to determine that those counts survive the present motion, despite the arguments above, the Individual Defendants should still be dismissed from Counts II and III. With respect to Count II – Unjust Enrichment, the Individual Defendants were never unjustly enriched as all Plaintiff's payments were made to RS-Werks, not the Individual Defendants. (Doc. 1 at ¶¶ 30-32).

10

As to Count III – Violations of the UTPCPL, aside from the fact that the allegations are impermissibly vague as noted above, the Individual Defendants cannot be liable because none of them were a party to the transaction at issue with Plaintiff.  The purpose of the UTPCPL was to prevent fraud and protect the public from unfair or deceptive business practices and to even the bargaining power *between consumers and sellers* in commercial transactions.  Commonwealth by Creamer v. Monumenta Properties, Inc., 329 A.2d 812 (817 (Pa. 1974).  Here, none of the Individual Defendants were actually engaged in the transaction – it was between Plaintiff and RS-Werks.  Therefore, the Individual Defendants cannot be liable under the UTPCPL.

**Plaintiff's Improper Requests for Damages Must be Dismissed.**

Plaintiff improperly seeks damages he is not entitled to.  At the end of each Count of the Complaint, Plaintiff asserts the following request for damages:

> "WHEREFORE Plaintiff demands judgment against Defendants, jointly and severally, awarding incidental and consequential damages, loss of use damages, punitive damages, compensatory damages, treble damages, statutory damages, recission, restitution, pre-judgment interest, reasonable attorney's fee, disbursements and court costs, and such further relief as the court deems proper and just."

(Doc. 1).

First, Plaintiff's claims for punitive damages must be dismissed.  Under Pennsylvania law punitive damages are an "extreme remedy available in only the most exceptional matters." Kee v. Zimmer, Inc., 871 F.Supp.2d 403, 413 (E.D.Pa. 2012).  "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005).  Here, Plaintiff's Complaint fails to allege any conduct of any defendant that is so outrageous to warrant punitive damages.  At best, he properly alleges that RS-Werks breached a contract to restore a car.

11

With respect to Count I – Breach of Contract, the requests for punitive damages, treble damages, statutory damages and attorney's fees are all improper because the written contract between Plaintiff and RS-Werks does not provide for any of those damages.  (Doc. 1 at Ex. A). Similarly, in Count II – Unjust Enrichment, Plaintiff would not be entitled punitive damages, treble damages, statutory damages and attorney's fees.  As to Count IV – Common Law Fraud, Count V – Negligent Misrepresentation and Count VI – Negligence, Plaintiff would not be entitled to punitive damages, treble damages, statutory damages and attorney's fees.  Because Count VII – Piercing the Corporate Veil/Alter Ego Liability is not an independent cause of action, Plaintiff is not entitled to any damages for that count.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant its motion to partially dismiss Plaintiff's Complaint and provide the relief outlined in the attached proposed order.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: s/ *Brian C. Deeney* _____
       Brian C. Deeney, Esq..
       550 E. Swedesford Road, Suite 270
       Wayne, PA 19807
       (215) 977-4100 telephone
       (215) 977-4101 facsimile
       brian.deeney@lewisbrisbois.com

Date: October 17, 2022       Attorneys for Defendants