IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN DOUGLAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.:  2:22-CV-03304 |
| v. | : | |
| | : | |
| RS-WERKS AUTOMOTIVE SHOP, | : | |
| LLC d/b/a RS-WERKS, NICHOLAS | : | |
| DUNLOP, MICHAEL MELDRUM, | : | |
| ROBERT SCOTT, McKEOWN, | : | |
| JOHN AND JANE DOES 1-10 | : | |
| | : | |
| Defendant. | : | |

## DEFENDANTS', RS-WERKS LLC AUTOMOTIVE SHOP, LLC, NICHOLAS DUNLOP, MICHAEL MELDRUM AND ROBERT SCOTT McKEOWN, ANSWER TO PLAINTIFF'S COMPLAINT

AND NOW, Defendants, RS-Werks Automotive Shop, LLC, Nicholas Dunlop, Michael Meldrum, and Robert Scott McKeown (collectively, "Defendants"), by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, reply to Plaintiff's Complaint as follows:

## THE PARTIES

1.     Admitted upon information and belief.

2.     Admitted.

3.     Admitted.

4.     Admitted.

94745173.1

5.      Denied as stated.  It is admitted that Meldrum is a member of RS-Werks who resides at 1461 Creek Road, Chadds Ford, PA 19317.

6.      Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint which are directed to other parties and, therefore, Defendants leave Plaintiff to his proofs.

7.      Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint which are directed to other parties and, therefore, Defendants leave Plaintiff to his proofs.

8.      No response is necessary as the corresponding paragraph of Plaintiff's Complaint does not contain any allegations of fact.

## JURISDICTION AND VENUE

9.      Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

10.      Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

11.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations   in   the   corresponding   paragraph   of   Plaintiff's   Complaint   are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

12.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations   in   the   corresponding   paragraph   of   Plaintiff's   Complaint   are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

13.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations   in   the   corresponding   paragraph   of   Plaintiff's   Complaint   are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

14.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations   in   the   corresponding   paragraph   of   Plaintiff's   Complaint   are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

15.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations   in   the   corresponding   paragraph   of   Plaintiff's   Complaint   are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

16.     Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint which are directed to other parties and, therefore, Defendants leave Plaintiff to his proofs.

17.     Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint which are directed to other parties and, therefore, Defendants leave Plaintiff to his proofs.

## FACT COMMON TO ALL COUNTS

18.     Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint and, therefore, Defendants leave Plaintiff to his proofs.

19.     Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint and, therefore, Defendants leave Plaintiff to his proofs.

20.     Defendants lack knowledge or information sufficient to admit or deny allegations contained in the corresponding paragraph of Plaintiff's Complaint and, therefore, Defendants leave Plaintiff to his proofs.

21.     Denied as stated.  It is admitted that prior to execution of the agreement between Plaintiff and RS-Werks, Meldrum and McKeown communicated with Plaintiff regarding the potential scope of the restoration project.

22.     It is admitted that Plaintiff and RS-Werks entered into the Agreement on or about May 23, 2019.   To the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

23.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

24.     Denied as stated.   It is admitted that Meldrum and McKeown communicated with Plaintiff regarding the potential scope of the restoration project.

25.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, it is admitted that RS-Werks entered into the Agreement, which is a document that speaks for itself.

26.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading

is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

27.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

28.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

29.     Denied as stated.  It is admitted that Dunlop was the Chief Operating Officer and was the primary point of contact with Plaintiff.

30.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading

is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

31.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.

32.     Admitted.

33.     Admitted.

34.     Denied as stated.  It is admitted that during the scope of the project, Plaintiff would be required to make milestone progress payments.

35.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, it is admitted that Defendants provided Plaintiff with status updates during the course of the project.

36.     Denied as stated.  It is admitted that the parties communicated with respect to the status of the project.

37.     Denied.  RS-Werks provided Plaintiff with status updates during the course of the project.

38.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

39.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

40.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

41.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

42.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

43.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

44.     Denied.  Meldrum's vehicle arrived at RS-Werks in August 2016 and was completed in September 2022.

45.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, RS-Werks communicated with Plaintiff as to the status of the project.

46.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

47.     Denied.   It is denied that Plaintiff ever requested that Dunlop be removed from the project.  Strict proof thereof is demanded at trial, if material.

48.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, Plaintiff took possession of the Vehicle before RS-Werks could complete the restoration work.

49.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response,

50.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, Plaintiff is in possession of the Vehicle.

51.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are

automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

52.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, governmental orders/restrictions and global delays in manufacturing and shipping due to COVID-19 effected the estimated timeline for completion of the project.

53.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

54.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

55.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are

automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

## **FIRST COUNT**
### (*Breach of Contract*)

56.     Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

57.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have been dismissed from Count I of Plaintiff's Complaint.  *See Court's May 2, 2023 Order attached as Exhibit A*.

58.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have

been dismissed from Count I of Plaintiff's Complaint. ***See Court's May 2, 2023 Order attached as Exhibit A.***

59.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have been dismissed from Count I of Plaintiff's Complaint. ***See Court's May 2, 2023 Order attached as Exhibit A.***

60.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have been dismissed from Count I of Plaintiff's Complaint. ***See Court's May 2, 2023 Order attached as Exhibit A.***

61.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are

automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have been dismissed from Count I of Plaintiff's Complaint.  ***See Court's May 2, 2023 Order attached as Exhibit A***.

62.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have been dismissed from Count I of Plaintiff's Complaint.  ***See Court's May 2, 2023 Order attached as Exhibit A***.

63.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have

been dismissed from Count I of Plaintiff's Complaint. ***See Court's May 2, 2023 Order attached as Exhibit A***.

64.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.  By way of further response, to the extent Plaintiff relies on Exhibit A to the Complaint, the document speaks for itself.  Moreover, Defendants Dunlop, Meldrum, and McKeown have been dismissed from Count I of Plaintiff's Complaint. ***See Court's May 2, 2023 Order attached as Exhibit A***.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

## <u>SECOND COUNT</u>
### (*Unjust Enrichment/Quantum Meruit*)

65.     Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

66.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. ***See Exhibit A.***

67.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. ***See Exhibit A.***

68.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

### THIRD COUNT
**(*Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1 – 201-9.2)*)**

69.     Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

70.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

71.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

72.     Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are

automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

73.    Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

74.    Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

75.    Denied.  Defendants are advised by counsel and, therefore, aver that the allegations in the corresponding paragraph of Plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required.  Strict proof thereof is demanded at trial, if material.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

## FOURTH COUNT
### (*Common Law Fraud*)

76.    Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

94745173.1

77.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

78.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

79.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

80.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

81.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

## FIVE COUNT
### (*Negligent Misrepresentation*)

82.     Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

83.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  ***See Exhibit A.***

84.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. *See Exhibit A.*

85.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. *See Exhibit A.*

86.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. *See Exhibit A.*

87.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. *See Exhibit A.*

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

## SIXTH COUNT
### (*Negligence*)

88.     Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

89.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. *See Exhibit A.*

90.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order. *See Exhibit A.*

91.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  *See Exhibit A.*

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

## SEVENTH COUNT
### (*Piercing the Corporate Veil/Alter Ego Liability*)

92.     Defendants repeat and reiterate the answers to the prior paragraphs of Plaintiff's Complaint as if more fully set forth herein at length.

93.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  *See Exhibit A.*

94.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  *See Exhibit A.*

95.     This cause of action was dismissed from Plaintiff's Complaint by way of Court Order.  *See Exhibit A.*

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of consent, waiver, estoppel or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

Defendants did not violate any duties allegedly owed to Plaintiff, including – but not limited to – any duties under common law, statute, regulations, standards, or contract.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith, without malice, and in a reasonable and proper manner.

## SIXTH AFFIRMATIVE DEFENSE

The alleged occurrence was caused by superseding and intervening acts or omissions of third parties over whom the Defendants had no control.

## SEVENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred because Plaintiff failed to mitigate any alleged injuries or damages sustained by him.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages for which compensation was received or may be received from a collateral source.

## NINTH AFFIRMATIVE DEFENSE

Any alleged delays in execution of the Agreement were caused Acts of God, orders of governmental bodies and/or other similar causes beyond the reasonable control of Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not breach the Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants acted commercially reasonable at all times relevant to the allegations of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants did not engage in any deceptive conduct at all times relevant to the allegations of the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not violate the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserve the right to file an amended Answer or other appropriate pleading as permitted by this Court.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: s/ Brian C. Deeney
      Brian C. Deeney, Esq..
      550 E. Swedesford Road, Suite 270
      Wayne, PA 19807
      (215) 977-4100 telephone
      (215) 977-4101 facsimile
      brian.deeney@lewisbrisbois.com
      *Attorneys for Defendants*

Date: 5/16/23